## DESCHAPELLES et al. *v.* LABARRE.

A confirmation by the heirs of the donor of a donation void for matters of form, will preclude them from subsequently opposing such vices of form. C. C. 2254.

The tutrix and co-tutor of a minor, to whom a donation had been made void in form, but which was subsequently ratified by the heirs of the donor, cannot, by consenting to a restitution of its value, alienate what had become the property of the minor.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. The facts of this case are stated in the opinion of the lower court, as follows:

" By article 2254 of the Civil Code a donation void in form may be confirmed and ratified by the heirs of the donor: and such confirmation and ratification will preclude them from pleading, thereafter, the vices of form in the donation.

" On the 28th February, 1811, the common ancestor of plaintiffs and defendant, made to his son, the ancestor of defendant, a donation *inter vivos, en avancement d'hôirie*, of the property mentioned in the petition, estimated in said petition at $1000. This donation, being by private act, was defective in form. The donor and donee both died in the year 1814. The heirs of the donor entered into a partnership, of which the accounts were kept in a book offered in evidence by plaintiffs. From this book it appears that, the step-father of the defendant, *F. Fazende*, paid to the heirs of the donor, in the year 1816. the estimated value of the property donated as above, to wit: $1000. This collation is approved by the signature of all the heirs to the account. Afterwards, in the year 1822, the step-father of the defendant, *F. Fazende*, deemed it expedient to require, at the hands of the other heirs of the donor, the re-payment of the sum of $1000, paid by *Fazende* six years before to those heirs, upon the ground that the donation had been pronounced null by a lawyer consulted on that subject; and the money was accordingly refunded by those heirs, the present plaintiffs. From 1822 to 1846, the date of the institution of this suit, the plaintiffs do not seem to have made any claim to the property; but, on the contrary, have recognized, by witnessing defendant's marriage contract, the right of defendant to the ownership of said property.

" Various questions of prescription, and of possession, as connected therewith, have been raised, which I consider it unnecessary to examine. The collation of the value of the land conveyed by the informal donation—a collation made in accordance with the views of the donor, and accepted by his heirs after his death, was a confirmation of the donation, which involved, in the words of the Code, the renunciation by those heirs of all right to object to the form of the donation. The title of the heirs of the donee to the property donated was

rendered perfect by confirmation, in 1816. The tutrix of the heirs of the DESCHAPELLES
donee, and her second husband and co-tutor, were totally incompetent to alienate *v.*
the property of their wards, by consenting to a restitution of the value of the LABARRE.
property, in 1822. That act was null as to the minors *D'Orgenoy*, produced
no legal effect against them, and, if we may judge by the subsequent acts of the
parties, it is doubtful whether ever they supposed that it produced any legal
effect. This action must, therefore, fail.

"But the counsel of plaintiffs have urged upon me the propriety of allowing
them the sum of $1000, in case I should come to the conclusion that they could
not recover the land; for, say they, it would be unjust that the defendant should
have both the land and its price. There is no proof before us that this sum of
$1000 ever came into the hands of the defendant. Were there such proof on
the record, I should agree with the counsel. But the record shows only a pay-
ment made to the tutrix and co-tutor of the defendant, her mother and step-
father. That payment was improperly made, and without legal consideration.
Those who received it, or their representatives, should make restitution. But
I cannot assume, without proof, that this payment has inured, in whole or in
part, to the benefit of the defendant. Judgment for defendant, with costs."

From this judgment the plaintiff appealed. *Roman* and *Seghers,* for the
appellants. *Denis* and *Labarre,* for the defendant. The judgment of the
court was pronounced by

KING, J. For the reasons assigned by the judge of the District Court, the
judgment is affirmed, with costs.